FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>DANIEL OSORNO,<br><br>　　　　　Defendant. | No.　2:20-CR-0040-WFN-1<br><br>PROTECTIVE ORDER PURSUANT TO 18 U.S.C. § 3509, REGARDING IDENTIFICATION OF MINOR VICTIMS |

　　　The Court has read and considered the Government's unopposed Motion for a Protective Order (ECF No. 6) pursuant to 18 U.S.C. § 3509, regarding protecting the identities of minor children, with regard to Defendant Daniel Osorno ("Defendant"). The Court has viewed the file and the Motion and is fully informed. Accordingly,

　　　**IT IS ORDERED** that the Government's unopposed Motion for a Protective Order, filed April 2, 2020, **ECF No. 6**, is **GRANTED**.

　　　The privacy protection measures mandated by 18 U.S.C. § 3509(d) that apply when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.

　　　All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

　　　1.　Keep all documents that disclose the names, identities, or any other information concerning children in a secure place to which no person who does not have reason to know their contents has access; and

　　　2.　Disclose such documents or the information in them that concerns children only to persons who, by reason of their participation in the proceeding, have reason to know such information.

PROTECTIVE ORDER - 1

3. Not permit Defendant himself to review discovery outside the presence of defense counsel or a defense investigator.

4. Not permit Defendant to keep discovery in his own possession outside the presence of defense counsel or a defense investigator.

5. Not permit Defendant to keep, copy, or record the identities of any child or victim identified in discovery in this case.

All papers to be filed in Court that disclose the names or any other information identifying or concerning children shall be filed under seal without necessity of obtaining a Court order, and that the person who makes the filing shall submit to the Clerk of the Court –

1. The complete paper to be kept under seal; and

2. The paper with the portions of it that disclose the names or other information identifying or concerning children redacted, to be placed in the public record.

The parties and the witnesses shall not disclose children's identities during proceedings in this case. The parties and witnesses will refer to the alleged minor victims only by using agreed-upon initials or pseudonyms (e.g., "Minor Victim 1"), rather than their bona fide names, in motions practice, opening statements, during the presentation of evidence, in closing arguments, and during sentencing.

The Government may produce discovery to the defense that discloses the identity and images of alleged minor victims in this case, in order to comply with the Government's discovery obligations. Defendant, the defense team, Defendant's attorneys and investigators, and all of their externs, employees, and/or staff members, shall keep this information confidential as set forth above.

This Protective Order shall apply to any attorneys who subsequently become counsel of record, without the need to renew or alter the Protective Order.

This Protective Order shall apply to the personal identifying information and images of any minors who are identified over the course of the case, whether or not such minors are known to the Government and/or Defendant at the time the Protective Order is entered by the Court.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this  2nd  day of April, 2020.

04-02-20-1

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER - 3