1   William D. Hyslop
2   United States Attorney
    Eastern District of Washington
3   David M. Herzog
    Assistant United States Attorney
4   Post Office Box 1494
5   Spokane, WA 99210-1494
    Telephone: (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2020

SEAN F. McAVOY, CLERK

7
8              UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF WASHINGTON

10
11  UNITED STATES OF AMERICA,          2:20-CR-00040-WFN
12                  Plaintiff,         Plea Agreement
13            v.                       Pursuant to Federal Rule of Criminal
14                                     Procedure 11(c)(1)(C)
15  DANIEL OSORNO,                     Global Disposition with the
16                                     State of Washington
                    Defendant.
17                                     Court:
18                                     Hon. Wm Fremming Nielsen
                                       Senior United States District Judge
19

20          Plaintiff United States of America, by and through William D. Hyslop, United
21  States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant
22  United States Attorney, and the State of Washington, by and through Larry Haskell,
23  Prosecuting Attorney for Spokane County, Washington, and Kelly Fitzgerald, Amanda
24  Fry, or Eugene Cruz, Deputy Prosecuting Attorney for Spokane County, and Defendant
25  Daniel Osorno ("Defendant"), both individually and by and through Federal Defender
26  Andrea George, Defendant's federal defense counsel, and Public Defender Annie
27  Wasilewski, Defendant's state defense counsel, agree to the following Plea Agreement.
28

OSORNO GLOBAL PLEA AGREEMENT – 1

<u>Introduction</u>

Defendant has been charged in state and federal court with a number of child exploitation offenses.

On December 4, 2019, Defendant was charged in Spokane County Superior Court, Case Number 19-1-04568-32, with Rape of a Child in the First Degree, in violation of RCW § 9A.44.073(1) (Counts I through V) and Child Molestation in the First Degree, in violation of RCW § 9A.44.083(1) (Counts VI through VIII). Each of Defendant's state charges alleges aggravating factors under Washington law.

On March 17, 2020, a federal Grand Jury returned an Indictment charging Defendant with four counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Counts 1 through 4).

Defendant wishes to resolve all of these federal and state charges as part of a single, global resolution. The United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutor's Office agree to such a resolution, as set forth herein.

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment filed on March 17, 2020, each of which charges Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), a Class B felony.

Defendant understands that for each count of Production of Child Pornography, the penalties set forth in the remaining portion of this paragraph apply. The minimum penalty is 15 years in prison, and the maximum penalty is 30 years in prison. Defendant will be subject to a fine of up to $250,000; a term of supervised release that will be at least 5 years, and may be up to a lifetime; restitution; a $100 special penalty assessment, and registration as a sex offender. Absent a finding of indigence by the Court, Defendant will also be subject to a $5,000 special assessment, pursuant to the Justice for Victims of Trafficking Act of 2015. Pursuant to the Amy, Vicky, and Andy

OSORNO GLOBAL PLEA AGREEMENT – 2

Child Pornography Victim Assistance Act of 2018 ("the AVAA")  the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $50,000 as set forth in 18 U.S.C. § 2259A.  Pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Accordingly, Defendant understands that if the Court were to impose consecutive maximum sentences on the federal charges to which he is pleading guilty, his sentence would be: 60 years in prison, a lifetime of supervised release, a fine of up to $500,000, restitution, $200 in standard special assessments, $10,000 in special assessments pursuant to the Justice for Victims of Trafficking Act of 2015, and up to $100,000 in assessments pursuant to the AVAA.

Defendant further understands that a violation of a condition of his federal supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.  Defendant also specifically understands that he will be required to pay restitution and register as a sex offender.

2. <u>The Court is Not a Party to the Agreement</u>

Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.

Defendant understands that sentencing is a matter that is solely within the discretion of the Court.

Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 28 years in custody (336 months), to be followed by a lifetime of supervised release.  The United States and Defendant agree to make those sentencing recommendations to the Court.

Pursuant to this Plea Agreement, the Spokane County Prosecutor's Office agrees to dismiss all pending criminal charges against Defendant, and not to file new charges arising from conduct by Defendant that occurred prior to the date that Defendant enters a guilty plea in United States District Court on the charges set forth herein, so long as the conduct giving rise to those charges was known to the Spokane County Prosecutor's Office at the time Defendant enters a guilty plea in the above-captioned case.

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after his incarceration on these charges.  Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose.  Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

Defendant acknowledges that this Plea Agreement is entered pursuant to Fed. R. Crim. 11(c)(1)(C).  Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 28 years. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment less than 28 years or a term of supervised release less than the remainder of Defendant's life.

Defendant acknowledges that if either he or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States, nor the Spokane County Prosecutor's Office are bound by any representations within it.

The United States and Defendant acknowledge that the imposition of a fine, restitution, and/or supervised release conditions are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are each free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, and/or supervised release conditions; and that the Court will exercise its discretion with regard to the imposition of a fine, restitution, and/or supervised release conditions. Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a fine, restitution, and/or supervised release conditions.

3.    <u>Effect on Immigration Status</u>

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the District Court, can predict with absolute certainty the effect of conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering guilty pleas, he is knowingly and voluntarily waiving certain constitutional rights, including:

       a.    The right to a jury trial;

       b.    The right to see, hear and question the witnesses;

       c.    The right to remain silent at trial;

       d.    The right to testify at trial; and

e.      The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, he understands that he retains the right to be assisted through sentencing and direct appeal of his conviction and sentence by an attorney, who will be appointed at no cost if he cannot afford to hire one.  Defendant specifically waives his right to challenge the constitutionality of the statute of conviction.

5.    Elements of the Offenses

*Count One: Production of Child Pornography of Minor Victim 1*

To convict Defendant of Production of Child Pornography of Minor Victim 1, in violation of 18 U.S.C. § 2251(a), (e), as charged in Count 1 of the Indictment, the United States would have to prove the following beyond a reasonable doubt:

a.      *First*, beginning in or about June 2016, and continuing through on or about October 22, 2019, within the Eastern District of Washington, Defendant employed, used, persuaded, induced, coerced or enticed Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

b.      *Second*, at the time of Defendant's conduct, Minor Victim 1 was a minor, that is, she had not attained the age of eighteen years; and

c.      *Third*, such visual depiction was produced using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

*Count Three: Production of Child Pornography of Minor Victim 2*

To convict Defendant of Production of Child Pornography of Minor Victim 2, in violation of 18 U.S.C. § 2251(a), (e), as charged in Count 3 of the Indictment, the United States would have to prove the following beyond a reasonable doubt:

a.      *First*, beginning in or about June 2016, and continuing through on or about October 22, 2019, within the Eastern District of Washington, Defendant employed, used, persuaded, induced, coerced or enticed

Minor Victim 2 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

  b. *Second*, at the time of Defendant's conduct, Minor Victim 2 was a minor, that is, she had not attained the age of eighteen years; and

  c. *Third*, such visual depiction was produced using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

6. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea. This factual basis and statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

Summary of Facts

Beginning in June 2016, and continuing through October 22, 2019, within the Eastern District of Washington, Defendant employed, used, persuaded, induced, coerced and enticed Minor Victims 1 and 2, to take part in sexually explicit conduct with him for the purpose of producing visual depictions of that conduct. At all times relevant to this Indictment, Minor Victims 1 and 2 were each minors who had not attained the age of 18 years. During Defendant's production of child pornography of Minor Victims 1 and 2, Minor Victim 1 had not yet attained the age of 8 years old, and Minor Victim 2 had not yet attained the age of 4 years old.

Defendant acknowledges that he produced visual depictions of Minor Victims 1 and 2 engaging in sexually explicit conduct with him using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

OSORNO GLOBAL PLEA AGREEMENT – 7

1    Defendant acknowledges that each digital device that he used to record or

2 preserve images of himself engaging in illicit sexual conduct with Minor Victims 1 and

3 2 was manufactured outside the State of Washington, and therefore had been mailed or

4 shipped or transported in and affecting interstate or foreign commerce.

5    Specifically, beginning when Minor Victims 1 and 2 were each approximately

6 three years old, and continuing until his arrest in October 2019, Defendant repeatedly

7 engaged in in illicit sexual conduct with Minor Victims 1 and 2 while babysitting them

8 in the basement of his home.  Defendant used his fingers and tongue to penetrate the

9 mouths and vaginas of Minor Victims 1 and 2, and used electronic devices to record

10 and preserve more than 25 videos and more than 500 still photographs of this conduct.

11    Defendant acknowledges that among the child pornography that Defendant

12 produced were the following images and videos, as charged in the following counts in

13 the Indictment:

14                                COUNT 1

15    A series of five still images bearing the filenames "GEDC0830.jpg",

16 "GEDC0834.jpg", "GEDC0835.jpg", "GEDC0836.jpg", and "GEDC0836_LI.jpg".

17                                COUNT 3

18    A series of 40 still images bearing the filenames "!SPX0001.jpg" (7 images),

19 "!SPX0002.jpg" (5 images), "!SPX0003.jpg" (4 images), "!SPX0004.jpg" (4 images),

20 "!SPX0005.jpg" (4 images), "!SPX0006.jpg" (4 images), "!SPX0007.jpg" (3 images),

21 "!SPX0008.jpg" (4 images), "!SPX0009.jpg" (3 images), and "!SPX00010.jpg" (2

22 images).

23    Defendant also acknowledges that he showed Minor Victims 1 and 2 various

24 kinds of pornography to groom them, and instructed Minor Victims 1 and 2 not to tell

25 anyone what he did to them.

26

27

28

OSORNO GLOBAL PLEA AGREEMENT – 8

7.    <u>Agreements To Dismiss and Not File Additional Charges</u>

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss Counts 2 and 4 of the Indictment at the conclusion of the sentencing hearing in this case.

The United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office agree not to bring additional charges against Defendant based on information in their possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement prior to sentencing in this case.

Defendant understands that the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office are each free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement, so long as that conduct was not known to the United States Attorney's Office for the Eastern District of Washington and/or the Spokane County Prosecutors' Office, respectively, on the date that Defendant enters into a federal guilty plea based on this Plea Agreement.

If Defendant's guilty plea and this Plea Agreement are both accepted by the Court and Defendant is sentenced in federal court to a term of 28 years of confinement and a lifetime of federal Supervised Release, then: following the sentencing hearing in Defendant's federal case, the Spokane County Prosecutor's Office agrees to dismiss the following charges in Spokane County Superior Court Case Number 19-1-04568-32, alleged in an Information dated December 4, 2019:

a.    Rape of a Child in the First Degree, in violation of RCW § 9A.44.073(1) (Counts I through V); and

b.    Child Molestation in the First Degree, in violation of RCW § 9A.44.083(1) (Counts VI through VIII).

OSORNO GLOBAL PLEA AGREEMENT – 9

8.    <u>Application of the United States Sentencing Guidelines</u>

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.

The United States and Defendant agree that Defendant's final adjusted offense level is 43 under the United States Sentencing Guidelines.

a.    <u>Base Offense Level and Enhancements Under Chapter 2</u>

The United States and Defendant agree that the following offense level and enhancement calculations apply:

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and/or Adjustments | | Guideline Section |
|---|---|---|
| Child Pornography Production | 32 | U.S.S.G. § 2G2.1(a) |
| Victim Under 12 years old | +4 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual act and sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Material portraying toddlers | +4 | U.S.S.G. § 2G2.1(b)(4) |
| Defendant was relative of victims | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Total | 44 | |

b.    <u>Grouping and Acceptance of Responsibility Under Chapter 3</u>

The United States and Defendant agree that his counts of conviction are specifically excluded from grouping analysis under the United States Sentencing Guidelines.  *See* U.S.S.G. §§ 2G2.1(d)(1), 3D1.2(d).  The United States and Defendant agree that Defendant's charged conduct thus includes two groups, each at offense level 44, resulting in two units and a 2-level increase to Defendant's highest offense level, pursuant to U.S.S.G. § 3D1.4.  Accordingly, the United States an Defendant agree that Defendant's highest offense level of 44 is increased by 2 levels, yielding an offense level of 46 prior to any reduction for acceptance of responsibility or any adjustments pursuant to Chapter 4.  U.S.S.G. § 3D1.4.  The United States and Defendant agree that with acceptance of responsibility, Defendant's final adjusted offense level under Chapters 2 and 3 is level 43.

1

        c.    <u>Repeat and Dangerous Sex Offender Under Chapter 4</u>

2        The United States and Defendant also agree that under Chapter 4 of the United

3 States Sentencing Guidelines, Defendant's offense level is increased by an additional

4 five levels because he is a Repeat and Dangerous Sex Offender pursuant to U.S.S.G.

5 § 4B1.5(b)(1).

6        The United States and Defendant agree that each of Defendant's offenses of

7 conviction is a "covered sex crime" under U.S.S.G. § 4B1.5(b)(1) because each offense

8 is an "offense, perpetrated against a minor" under 18 U.S.C. §§ 2251(a), (e), which falls

9 under Chapter 110 of the United States Code, and is not a crime of transmitting

10 information about a minor or filing a factual statement about an alien individual.

11 U.S.S.G. § 4B1.5, App. Note 2.

12        The United States and Defendant also agree that Defendant engaged in a pattern

13 of activity involving prohibited sexual conduct with a minor by engaging on at least two

14 occasions in "prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5, App. Note

15 4(B)(i). For purposes of subsection (b) of U.S.S.G. § 4B1.5, "prohibited sexual

16 conduct" includes "the production of child pornography[.]" U.S.S.G. § 4B1.5, App.

17 Note 4(A).

18        Accordingly, under Chapter 4, Defendant's offense level under Chapters 2 and 3

19 is increased by five levels to level 48. However, because of the application of Chapter

20 5, Application Note 2, Defendant's offense level is capped at level 43.

21        d.    <u>Recommendations to the Court</u>

22        Defendant agrees not to dispute or challenge any of the Guidelines analyses or

23 calculations set forth herein.

24        Regardless of any calculations made by the United States Probation Office, the

25 United States and Defendant agree to: (a) recommend to the Court that Defendant's

26 correct offense level under the United States Guidelines is level 43; and (b) recommend

27 that the Court impose a final sentence of 28 years (336 months), followed by a lifetime

28 of supervised release.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

e.    <u>Acceptance of Responsibility</u>

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for filing with the court prior to October 29, 2020, the United States will move for a three-level downward adjustment in offense level for his timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, after his guilty plea but prior to the imposition of sentence, he is charged or convicted of any criminal offense or tests positive for any controlled substance.

f.    <u>Criminal History</u>

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.

The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined after the Presentence Investigative Report is completed.

9.    <u>Incarceration</u>

The United States and Defendant agree that this plea agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case is a sentence that includes 28 years (336 months) of incarceration and the imposition of a lifetime term of supervised release.

The United States and Defendant each agree to recommend this sentence to the Court.

OSORNO GLOBAL PLEA AGREEMENT – 12

10. <u>Supervised Release</u>

The United States and Defendant each agree to recommend that the Court impose a lifetime of supervised release, and that Defendant's terms of supervised release will include the following special conditions, in addition to the standard conditions of supervised release and the special conditions of supervised release that are imposed in all child sex offender cases in this District:

      a.    Defendant shall not contact Minor Victims 1 or 2 in any manner, whether directly or indirectly, or through an intermediary.

      b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

      c.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

OSORNO GLOBAL PLEA AGREEMENT – 13

11.    <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12.    <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and agrees to provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Defendant agrees that pursuant to the JVTA, an additional mandatory special assessment of $5,000 per offense must be imposed upon conviction, absent a judicial finding of indigence.

13.    <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14.    <u>Restitution</u>

The United States and Defendant agree that restitution is required.  *See* 18 U.S.C. §§ 2248, 2259, 3663A, and 3664.  Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses suffered by Minor Victims 1 and 2 as a result of Defendant's conduct.  With respect to restitution, the United States and Defendant agree to the following:

a.    <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.  The United States and Defendant agree that interest on this restitution amount, if any, should be waived.

b.    <u>Payments</u>

To the extent that the Court orders restitution, the United States and Defendant

OSORNO GLOBAL PLEA AGREEMENT – 14

agree that the Court will set a restitution payment schedule based on his financial

circumstances.  *See* 18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, Defendant agrees to

pay not less than 10% of his net monthly income towards any restitution obligation.

c.    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent

debts owed to federal agencies.  If applicable, the TOP may take part or all of

Defendant's federal tax refund, federal retirement benefits, or other federal benefits and

apply these monies to Defendant's restitution obligations.  *See* 26 U.S.C. § 6402(d); 31

U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-

imposed payment schedule, pursue other avenues to ensure the restitution obligation is

satisfied, including, but not limited to, garnishment of available funds, wages, or assets.

*See* 18 U.S.C. §§ 3572, 3613, and 3664(m).  Nothing in this acknowledgment shall be

construed to limit Defendant's ability to assert any specifically identified exemptions as

provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose

all assets in which he has any interest or over which he exercises control.  Until such

time as the fine or restitution order is paid in full, Defendant agrees to provide waivers,

consents or releases requested by the U.S. Attorney's Office to access records to verify

the financial information.

d.    Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material

change in his economic circumstances (e.g., inheritances, monetary gifts, changed

employment, or income increases) that might affect his ability to pay restitution.  *See* 18

U.S.C. § 3664(k).  This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30

days of that change.  *See* 18 U.S.C. § 3612(b)(1)(F).  This obligation ceases when the

restitution is paid-in-full.

OSORNO GLOBAL PLEA AGREEMENT – 15

1    Defendant acknowledges that the Court's decision regarding restitution is final,

2   non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that

3   is, even if Defendant is unhappy with the amount of restitution ordered by the Court,

4   that will not be a basis to withdraw his guilty pleas, withdraw from this Plea

5   Agreement, or appeal his convictions, sentence, or restitution order.

6    15.    Assets

7    Defendant voluntarily agrees to abandon and relinquish all right, title, and

8   interest in all assets and/or items seized by the Spokane Police Department during the

9   investigation of this case.  Defendant voluntarily consents to the destruction of all assets

10   and/or items seized by the Spokane Police Department during the investigation of this

11   case.  Defendant agrees to hold harmless all law enforcement agents and the United

12   States, its agents, and its employees from any claims whatsoever arising in connection

13   with the seizure, abandonment, and/or destruction of all assets and/or items seized by

14   the Spokane Police Department during the investigation of this case.  Defendant further

15   waives notice of any federal, state, or local proceedings involving the seizure,

16   abandonment and/or destruction of all assets and/or items seized by the Spokane Police

17   Department during the investigation of this case.

18    16.    Notice of Sex Offender Registration

19    Defendant has been advised and understands, that as a convicted sex offender,

20   under the Sex Offender Registration and Notification Act, a federal law, Defendant

21   must register and keep the registration current in each of the following jurisdictions: the

22   location of Defendant's residence, the location of Defendant's employment; and, if

23   Defendant is a student, the location of Defendant's school.  Registration will require

24   that Defendant provide information that includes name, residence address, and the

25   names and addresses of any places at which Defendant is or will be an employee or a

26   student.  Defendant understands that Defendant must update Defendant's registrations

27   not later than three business days after any change of name, residence, employment, or

28   student status.  Defendant understands that failure to comply with these obligations

OSORNO GLOBAL PLEA AGREEMENT – 16

1    subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C.
2    § 2250, which is punishable by a fine or imprisonment, or both.

3         17.    Additional Violations of Law Can Void Plea Agreement

4         Defendant and the United States agree that the United States may at its option
5    and upon written notice to Defendant, withdraw from this Plea Agreement or modify its
6    recommendation for sentence if, after Defendant's guilty plea and prior to the
7    imposition of sentence, Defendant is convicted of any criminal offense whatsoever or if
8    Defendant tests positive for any controlled substance.

9         18.    Waiver of Appeal Rights and Collateral Attack

10        Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal
11   Defendant's sentence.  Acknowledging this, Defendant knowingly and voluntarily
12   agrees to waive all constitutional and statutory rights to appeal his conviction and
13   sentence so long as the Court sentences Defendant within the terms of this Rule
14   11(c)(1)(C) Plea Agreement: 28 years of incarceration, to be followed by a lifetime
15   term of Supervised Release.  Defendant's appellate waiver includes, but is not limited
16   to, challenges to the following: the terms of this Plea Agreement, his guilty plea, venue,
17   the amount of restitution ordered by the Court, any Guidelines enhancements applied by
18   the Court, the reasonableness of his sentence, any fine or Special Assessment imposed
19   by the Court, any terms of supervised release imposed by the Court, and any statutes of
20   limitation.  Defendant expressly waives his right to file any post-conviction motion
21   attacking his mental competence, plea, conviction, and/or sentence, including motions
22   pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion
23   based on ineffective assistance of counsel arising from information not now known by
24   him and which, in the exercise of due diligence, could not be known by him by the time
25   the Court imposes sentence.

26        Nothing in this Agreement shall preclude the United States from opposing any
27   post-conviction motion for a reduction of sentence or other attack of the conviction or
28   sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

OSORNO GLOBAL PLEA AGREEMENT – 17

19.    <u>Compassionate Release and Withdrawal or Vacatur of Defendant's Plea</u>

Defendant specifically retains the right to bring a motion for Compassionate Release pursuant to the Fair Sentencing Act, and the United States specifically retains the ability to oppose such a motion.

However, if Defendant successfully moves to withdraw or vacate his plea, dismiss the underlying charges, or set aside his sentence on the counts to which he is pleading guilty, then the following provisions will apply:

a.    This Plea Agreement shall become null and void;

b.    The United States and Spokane County may prosecute Defendant on any count to which he has pleaded guilty;

c.    The United States and Spokane County may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement;

d.    The United States and Spokane County may file any new charges that would otherwise be barred by this Agreement;

e.    The United States and Spokane County may prosecute Defendant on all available charges involving or arising from the incidents charged in any charging instrument in this case or the case in Spokane County;

f.    The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office and/or the Prosecuting Attorney's Office for Spokane County;

g.    Defendant agrees to waive any objections, motions, and/or defenses he might have to the United States' or Spokane County's re-initiation of prosecution based on any alleged violation of Double Jeopardy; and

h.    Defendant agrees to waive any objections, motions, and/or defenses he might have to the United States' or Spokane County's re-

initiation of prosecution of charges arising from Defendant's conduct with Minor Victim 1 and/or Minor Victim 2 based on any alleged violations of any statutes of limitation, the Speedy Trial Act, or the Speedy Trial Clause of the Sixth Amendment.

20.    Global Disposition for Charged Conduct

The Spokane County Prosecutor's Office agrees to dismiss, and not file, criminal charges against Defendant if the conditions set forth herein are met. Defendant acknowledges that if Defendant successfully withdraws from his federal guilty plea, all representations from the Spokane County Prosecutor's Office will be null and void. The Spokane County Prosecutor's Office makes no representations about prosecution of any future conduct by Defendant, or past criminal conduct that is not set forth in the factual basis of this Plea Agreement. The signature of a Deputy Prosecuting Attorney for Spokane County on this Plea Agreement serves as confirmation of all representations from the Spokane County Prosecutor's Office.

21.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutor's Office, as set forth herein, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

1

<u>Approvals and Signatures</u>

2      Agreed and submitted on behalf of the United States Attorney's Office for the

3 Eastern District of Washington.

4 William D. Hyslop
United States Attorney
5

6 _____          October 28, 2020

7 David M. Herzog                               _____
Assistant U.S. Attorney                       Date
8

9      Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

10 Larry Haskell
Spokane County Prosecuting Attorney
11

12

13 _____          _____

14 Kelly Fitzgerald                             Date
Amanda Fry
15 Eugene Cruz
Deputy Prosecuting Attorney
16 Spokane County Prosecutor's Office

17

18      I have read this Plea Agreement and have carefully reviewed and discussed every

19 part of the agreement with my state and federal attorneys.  I understand and voluntarily

20 enter into this Plea Agreement.  Furthermore, I have consulted with my state and federal

21 attorneys about my rights, I understand those rights, and I am satisfied with the

22 representation of my state and federal attorneys in this case.  No other promises or

23 inducements have been made to me, other than those contained in this Plea Agreement

24 and no one has threatened or forced me in any way to enter into this Plea Agreement.  I

25 agree to plead guilty because I am guilty.

26

27 _____          _____

28 Daniel Osorno                                Date
Defendant

OSORNO GLOBAL PLEA AGREEMENT – 20

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the

Eastern District of Washington.

William D. Hyslop
United States Attorney

_____          _____
David M. Herzog                                               Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

Larry Haskell
Spokane County Prosecuting Attorney

_____          _____
Kelly Fitzgerald                                              Date    OCTOBER 27, 2020
Amanda Fry
Eugene Cruz
Deputy Prosecuting Attorney
Spokane County Prosecutor's Office

I have read this Plea Agreement and have carefully reviewed and discussed every

part of the agreement with my state and federal attorneys. I understand and voluntarily

enter into this Plea Agreement. Furthermore, I have consulted with my state and federal

attorneys about my rights, I understand those rights, and I am satisfied with the

representation of my state and federal attorneys in this case. No other promises or

inducements have been made to me, other than those contained in this Plea Agreement

and no one has threatened or forced me in any way to enter into this Plea Agreement. I

agree to plead guilty because I am guilty.

_____          _____
Daniel Osorno                                              Date
Defendant

OSORNO GLOBAL PLEA AGREEMENT – 20

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney


_____          _____
David M. Herzog                            Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

Larry Haskell
Spokane County Prosecuting Attorney



_____          _____
Kelly Fitzgerald                           Date
Amanda Fry
Eugene Cruz
Deputy Prosecuting Attorney
Spokane County Prosecutor's Office

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my state and federal attorneys. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my state and federal attorneys about my rights, I understand those rights, and I am satisfied with the representation of my state and federal attorneys in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.


_____          10·27·20
Daniel Osorno                              Date
Defendant

OSORNO GLOBAL PLEA AGREEMENT – 20

1    I have read the Plea Agreement and have discussed the contents of the agreement

2  with my client.  The Plea Agreement accurately and completely sets forth the entirety of

3  the agreement between the United States and my client.  I concur in my client's

4  decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason

5  why the Court should not accept my client's plea of guilty.

6

7

8  _____        10·27·2020
    Andrea George                          Date
9  Federal Defender for Eastern Washington & Idaho
    Federal Attorney for Defendant
10

11

12 _____        10 27 2020
    Annie Wasilewski                       Date
13 Spokane County Public Defender's Office
    State Attorney for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OSORNO GLOBAL PLEA AGREEMENT – 21