

Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Daniel Osorno

United States District Court
Eastern district of Washington

| | |
|---|---|
| United States, | No. 20-0040-WFN |
| Plaintiff, | |
| v. | Sentencing Memorandum |
| Daniel Osorno, | |
| Defendant. | |

## I. Introduction

This case involves a global resolution with Spokane County, to an agreed upon 28-year term of imprisonment. In exchange for this lengthy federal sentence, Spokane County will dismiss their charges after judgment is filed in this case.

## II. Discussion

Daniel Osorno has resolved all issues with the draft Presentence Investigation Report and has no further objections. He asks this Court to accept the 11(c)(1)(C) plea agreement.

**Twenty eight years is a significant sentence.** Mr. Osorno is asking the Court to impose a 336-month sentence. This is a lengthy sentence for anyone, let alone someone who has never spent a day in jail before now. This sentence certainly accomplishes a punitive effect.

A twenty-eight year sentence also deters. Mr. Osorno is 53 years old. Even with good time, he will not be released for over two decades. And any longer sentence would serve little purpose. According to a March 2018 report from the U.S. Sentencing Commission, longer prison sentences have no impact on recidivism rates. *See Recidivism Among Federal Offenders Receiving Retroactive Sentencing Reductions* (March 2018) ("The recidivism rates were virtually identical for offenders who were released early through retroactive application of the FSA

Guideline Amendment and offenders who had served their full sentences before the FSA guideline retroactivity took effect.").

That twenty-eight year sentence will not be significantly shortened. Because this is a production of child pornography conviction, Mr. Osorno will not be eligible for an RDAP or FSA reduction.

In addition to quantity of time, there is also quality of time. Since December 2019, Mr. Osorno has been incarcerated at the Spokane County Jail, where he is on lockdown 23 hours per day during the week, and 24 hours per day during the weekend. Harsh pretrial conditions have served as a basis for a variance (or, in this case, a factor supporting the 11(c)(1)(C) sentence). *See, e.g., U.S. v. Pressley*, 345 F.3d 1205 (11th Cir. 2003) (remanding to district court and confirming that the court may impose its proposed departure of 24 months based on the significant time the defendant spent in pretrial confinement, primarily on 23-hour per day lockdown); *see also U.S. v. Ortiz*, 2007 WL 4208802 (D. N.J. Nov. 27, 2007) (explaining variance for multiple defendants based on pretrial confinement at county jail). This is tough time. And it will not be getting much easier, as Mr. Osorno enters the BOP as a sex offender. All-in-all, this is a significant sentence.

### III. Conclusion

This case involves a global resolution with Spokane County, to an agreed upon 28-year term of imprisonment. This sentence meets those factors within §3553(a) and is sufficient but not greater than necessary.

Dated: February 22, 2021

Federal Defenders of Eastern Washington & Idaho

*s/Andrea K. George*

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

\

### Service Certificate

| | |
|---|---|
| 1 | I certify that on February 21, 2021, I electronically filed the foregoing with |
| 2 | the Clerk of the Court using the CM/ECF System, which will notify Assistant |
| 3 | United States Attorneys: David Herzog. |

*s/Andrea K. George*

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org